UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3-6-09
```

RACHEL JENKINS                      :

              Plaintiff,        :

                          07 Civ. 6322  (JGK)(HBP)
                    :

   -against-

                    :

NEW YORK STATE BANKING DEPARTMENT,  :

              Defendant.        :

------------------------------------X

RACHEL JENKINS                      :

              Plaintiff,        :

                    :   07 Civ. 11317 (JGK)(HBP)
   -against-
                    :   OPINION
                      AND ORDER
NEW YORK STATE BANKING DEPARTMENT,  :

              Defendant.        :

------------------------------------X

PITMAN, United States Magistrate Judge

I.  Introduction

      Plaintiff, Rachel Jenkins, proceeding pro se, brings
this action against her former employer, the New York State
Banking Department ("NYS Banking Dep't"), alleging age
discrimination in violation of the Age Discrimination in
Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., and
race, gender and religious discrimination in violation of Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-502.  Plaintiff moves pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file an amended complaint in these actions.  The NYS Banking Dep't opposes this motion on the ground of futility arguing that plaintiff has filed this motion more than 90-days after receiving a right-to-sue letter from the EEOC and that the proposed amendment is, therefore, untimely.  For the reasons stated below, plaintiff's motion is granted.

II.  Facts[1]

Plaintiff has worked as a clerk in the Office Services Division of the NYS Banking Dep't since December 15, 1980 (Plaintiff's Proposed Amended Complaint ("Proposed Am. Compl.") at ¶ II(E), attached to plaintiff's Motion to Amend, dated July 23, 2008; Docket Item 17 in 07 Civ. 6322).  From 1980 through 2004, plaintiff received performance evaluations of satisfactory or better (Amendment to the Complaint with the New York State Division of Human Rights, dated February 3, 2006, Case No.

---

[1]The facts set forth herein are drawn from plaintiff's two complaints, plaintiff's proposed amended complaint and the attached exhibits (Docket Item 2 in 07 Civ. 6322; Docket Item 2 in 07 Civ. 11317; Docket Item 17 in 07 Civ. 6322).

10108950, Federal Charge No. 16GA600754 ("Feb. 2006 Charge") at ¶ 4, attached to the Proposed Am. Compl.). By 2004, plaintiff was both the oldest clerk and the only female clerk in the Office Services Division (Complaint, dated July 11, 2007 ("July 2007 Compl.") at ¶ 8; Docket Item 2 in 07 Civ. 6322).

Plaintiff alleges that beginning in August 2004 the NYS Banking Dep't began discriminating against her on the basis of her race, age, and gender and harassing her in order to force her to resign from her civil service position. Specifically, plaintiff alleges that from August 2004 through early 2006, the NYS Banking Dep't began scaling down plaintiff's responsibilities and hiring younger people to replace plaintiff (Feb. 2006 Charge ¶¶ 3, 5, 6). Plaintiff also alleges that the NYS Banking Dep't engaged in systematic discrimination against older employees and that she witnessed other senior employees being harassed and subjected to discriminatory treatment (Feb 2006 Charge ¶ 5).

Plaintiff also allegedly suffered several adverse employment actions during this period. On multiple occasions in 2005, plaintiff's pay was allegedly docked because she took days off without authorization (July 2007 Compl. ¶ 8). Plaintiff claims that she had accrued the requisite number of vacation days and submitted the required forms, but was inexplicably not informed that permission had been denied until one week after she had taken the days off (July 2007 Compl. ¶ 8). Plaintiff filed

3

an administrative grievance in response to the docking of her pay on May 10, 2005 (State CSEA Grievance, dated May 10, 2005, attached to the July 2007 Compl.).

In October or November of 2005, plaintiff was allegedly placed on involuntary administrative leave without explanation (Complaint, dated December 17, 2007 ("Dec. 2007 Compl.") at ¶ II(E); Docket Item 2 in 07 Civ. 11317). In response, plaintiff filed her first complaint with the New York State Division of Human Rights sometime in November 2005[2] and filed her second complaint on February 3, 2006 (Dec. 2007 Compl. II(A); Feb. 2006 Charge). Plaintiff was allegedly issued a Notice of Discipline on February 20, 2006, in retaliation for filing these complaints (Dec. 2007 Compl. ¶ II(E)). Plaintiff was also given her first unsatisfactory evaluation for the 2004/2005 year review (Feb. 2006 Charge ¶ 4). Plaintiff subsequently received additional unsatisfactory performance evaluations on or about January 10, 2007 and on or about February 8, 2007 (Complaint to the New York Division of Human Rights, Case No. 10116331, Federal Charge No. 16GA701837, dated February 27, 2007 ("Feb. 2007 Charge")). Finally, on July 25, 2007, plaintiff was suspended and docked $405.95, representing five days pay (Amended Complaint to the New

---

[2]In plaintiff's Feb. 2007 Charge, she claimed that she had filed two prior complaints, case nos. 10108950 and 10110551. Plaintiff has neglected, however, to attach charge no. 10110551 as an exhibit to her complaint.

York Division of Human Rights in Case No. 10119218, Federal Charge No. 16GA704196, dated January 28, 2008 ("Jan. 2008 Charge") at ¶ 1).

## A. Procedural History

Plaintiff appears to have filed a total of five complaints with the New York State Department of Human Rights regarding her allegations of discrimination.[3]  Plaintiff filed her first complaint sometime in November 2005[4] and her second complaint, alleging age discrimination in violation of the NYSHRL, on February 3, 2006.[5]  Plaintiff received a right-to-sue letter from the EEOC regarding her second charge on February 27, 2007 (EEOC Dismissal and Notice of Rights for Charge No. 16G-2006-00754, dated Feb. 27, 2007 ("Feb. 2007 Right-to-Sue Letter"), attached to the July 2007 Compl.).  On the same day, plaintiff filed her third charge with the New York State Division

---

[3]It appears that plaintiff intended several of her EEOC complaints to be filed as amendments to her prior EEOC complaints.  See 29 C.F.R. § 1601.12(b); 29 C.F.R. § 1626.8.  The EEOC, however, assigned each of plaintiff's filings a new charge number and seems to have treated each filing as a distinct and independent charge.

[4]As noted above, plaintiff has failed to attach her November 2005 EEOC charge to either of her complaints.  As a result, the allegations contained in this charge are presently unknown.

[5]This Charge is dated December 15, 2005 but it was not filed with the New York State Division of Human Rights until February 3, 2006.

5

of Human Rights alleging discrimination on the basis of age and
retaliation (Feb. 2007 Charge). Prior to receiving a right-to-
sue letter from the EEOC concerning the February 27, 2007 Charge,
plaintiff commenced this action, alleging discrimination on the
basis of gender, religion, and age in violation of Title VII and
the ADEA (July 11, 2007 Compl. assigned Docket No. 07 Civ. 6322).
On October 22, 2007, the EEOC issued a right-to-sue letter with
respect to plaintiff's February 27, 2007 Charge (EEOC Dismissal
and Notice of Rights for Charge No. 16G-2007-01837, dated Oct.
22, 2007, attached to the Dec. 2007 Compl.). Plaintiff filed her
fourth complaint with the New York State Division of Human Rights
on November 7, 2007 alleging retaliation and discrimination on
the basis of race, color, sex, and age (Charge of Discrimination
No. 520-2008-00173, filed with the New York State Division of
Human Rights on November 7, 2007 ("Nov. 7, 2007 Charge"), at-
tached to the Proposed Am. Compl.). Plaintiff received a right-
to-sue letter from the EEOC regarding her Nov. 7, 2007 Charge on
March 17, 2008 (Dismissal and Notice of Right-to-sue in EEOC
Charge No. 520-2008-00173, dated March 17, 2008).

On December 17, 2007, plaintiff commenced a second
action restating many of the allegations in her July 2007 Com-
plaint and adding (1) a claim for racial discrimination under
Title VII, (2) a retaliation claim, and (3) claims under the

6

NYSHRL and NYCHRL (Dec. 2007 Compl. assigned Docket No. 07 Civ.
11317).

Plaintiff filed her fifth charge with the EEOC on
January 28, 2008 alleging that she had been suspended in retalia-
tion for her prior complaints of discrimination (Jan. 2008
Charge). The EEOC issued a right-to-sue letter regarding plain-
tiff's January 28, 2008 Charge on March 12, 2008 (Dismissal and
Notice of Rights for EEOC Charge No. 16G-2007-04196, dated March
12, 2008).

On July 23, 2008, plaintiff filed a motion to amend the
complaint in her first action, attaching a copy of her proposed
amended complaint (Docket Item 17 in 07 Civ. 6322). The NYS
Banking Dep't responded to this motion by restating the responses
and affirmative defenses set forth in its previous two answers
(Docket Item 10 in 07 Civ. 11317). The NYS Banking Dep't subse-
quently filed an affidavit in opposition to plaintiff's Motion to
Amend, arguing that the amendment should be denied because
"plaintiff has failed to timely request such amendment by filing
the said motion more than ninety (90) days after receiving the
right-to-sue letters" (Defendant's Affidavit in Partial Opposi-
tion to Plaintiff's Motion to Amend, dated January 30, 2009
("Def. Aff.") at ¶ 2; Docket Item 20 in 07 Civ. 6322).

III. Analysis

A. Applicable Standard

The standards applicable to a motion to amend a plead-
ing are well settled and require only brief review. Leave to
amend a pleading should be freely granted when justice so re-
quires. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182
(1962); Dluhos v. The Floating & Abandoned Vessel, Known as "New
York", 162 F.3d 63, 69 (2d Cir. 1998); Satchell v. Dilworth, 745
F.2d 781, 785 (2d Cir. 1984) (a pro se litigant in particular
"should be afforded every reasonable opportunity to demonstrate
that he has a valid claim"); Gumer v. Shearson, Hamill & Co., 516
F.2d 283, 287 (2d Cir. 1974). "Nonetheless, the Court may deny
leave if the amendment (1) has been delayed unduly, (2) is sought
for dilatory purposes or is made in bad faith, (3) the opposing
party would be prejudiced, or (4) would be futile." Lee v. Regal
Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116
F.3d 465 (2d Cir. 1997); accord Am. Home Assur. Co. v. Jacky
Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y.
1997).

A proposed amended complaint is futile when it fails to
state a claim. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d
Cir. 1990); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245,
257 (S.D.N.Y. 1999); Parker v. Sony Pictures Entm't, Inc., 19 F.

8

Supp.2d 141, 156 (S.D.N.Y. 1998), aff'd in pertinent part, vacated in part on other grounds sub nom., Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000); Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y. 1996); Prudential Ins. Co. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987); see generally Dluhos v. Floating & Abandoned Vessel known as "New York", supra, 162 F.3d at 69-70. The party opposing the amendment has the burden of demonstrating that leave to amend would be futile. Staskowski v. County of Nassau, 05-CV-5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007)("It is axiomatic that the party opposing an amendment has the burden of establishing that leave to amend would be futile."); Lugosch v. Congel, 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002); citing Blaskiewicz v. County of Suffolk, 29 F. Supp.2d 134, 137-38 (E.D.N.Y. 1998).

Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit'". Oliver v. Demarinis & Co., 90 Civ. 7950 (SS), 1993 WL 33421 at *5 (S.D.N.Y. Jan. 29, 1993) (citation omitted); see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984) ("if the movant has colorable grounds to support its claim or defense, justice requires that leave to amend be granted"). The "colorable grounds requirement mandates that a district court may not deny a motion for leave to

amend a pleading when said pleading is sufficient to withstand a
motion to dismiss under Federal Rule of Civil Procedure 12(b)-
(6)." Children First Found. Inc. v. Martinez, 04-CV-0927 (NPM),
2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007), citing Kassner v.
2nd Avenue Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007);
Estate of Ratcliffe v. Pradera Realty Co., 05 Civ. 10272 (JFK),
2007 WL 3084977 at *4 (S.D.N.Y. Oct. 19, 2007); Journal Publ'g
Co. v. Am. Home Assur. Co., 771 F. Supp. 632, 635 (S.D.N.Y.
1991); Prudential Ins. Co. v. BMC Indus., Inc., supra, 655 F.
Supp. at 711 (Although leave to amend should be freely given, "it
is inappropriate to grant leave when the amendment would not
survive a motion to dismiss.").

Therefore, an amendment to a complaint may be denied as
futile if a defendant can show that there are no "set of facts
consistent with the allegations in the complaint" which would
entitle plaintiff to relief. Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 127 S.Ct. 1955, 1969 (2007). To survive a motion to
dismiss plaintiff's "factual allegations must be enough to raise
a right to relief above the speculative level on the assumption
that all of the complaint's allegations are true." Bell Atlantic
Corp. v. Twombly, supra, 127 S.Ct. at 1959 (overruling the
language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that a
motion to dismiss should not be granted "unless it appears beyond
doubt that the plaintiff can prove no set of facts in support of

10

his claim which would entitle him to relief"); see also Oliver Schools, Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991) (discussing the standard for denying an amendment as futile prior to Bell Atlantic); Blaskiewicz v. County of Suffolk, supra, 29 F. Supp.2d at 138 (same).

The Court of Appeals has also repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998); see generally Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

B. Defendant's Opposition to
   Plaintiff's Motion to Amend

The NYS Banking Dep't argues that plaintiff's motion to amend should be denied as futile because the newly asserted matter is untimely. Specifically, NYS Banking Dep't argues that plaintiff has filed her motion to amend more than 90-days after receiving her most recent right-to-sue letter from the EEOC on March 20, 2008,[6] and, therefore, the newly alleged matter is untimely (Def. Aff. ¶ 11).

---

[6]NYS Banking Dep't arrives at this date because the EEOC right-to-sue letter indicates that it was mailed on March 17, 2008 and, in this Circuit, courts normally proceed under the presumption that a mailed document is received three days after it was mailing. See e.g. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996).

11

Claims under Title VII and the ADA must be filed within 90-days of a claimant's receipt of a right-to-sue letter from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 77 (2d Cir. 2003); Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 713-14 (2d Cir. 2001); Johnson v. St. Barnabas Nursing Home, 568 F. Supp.2d 399, 400 (S.D.N.Y. 2008); Celestine v. Cold Crest Care Ctr., 495 F. Supp.2d 428, 431 (S.D.N.Y. 2007); Toolan v. Bd. of Ed. of the City of New York, 02 Civ. 6989 (DC), 03 Civ. 576 (DC), 2003 WL 22015437 at *2 (S.D.N.Y. Aug. 25, 2003).  Plaintiff filed her motion to amend on July 23, 2008, 125 days after plaintiff received the EEOC's March 12, 2008 right-to-sue letter.  As a result, plaintiff may not amend her complaint to add any new discrimination claims which were raised for the first time in her fifth EEOC Charge.  See e.g. Male v. Tops Friendly Markets, 07-CV-6573 (MAT), 2008 WL 1836948 at *5 (W.D.N.Y. April 22, 2008) (denying plaintiff leave to amend her complaint to add an ADA claim, which had not been asserted in plaintiff's original complaint, because the motion to amend was filed more than 90-days after plaintiff received a right-to-sue letter from the EEOC regarding her complaint of disability discrimination); Nash v. Human Dev. Serv. of Westchester, 02 Civ. 8551 (DF), 2003 WL 22871911 at *6 (S.D.N.Y. Dec. 4, 2003); Branch v. Sony Music Entm't, Inc., 97 Civ. 9238 (TPG), 1999 WL 20866 at *3 (S.D.N.Y.

12

Jan. 19, 1999). Plaintiff does not, however, raise any new
claims in her proposed amended complaint, and the NYS Banking
Dep't has not identified which of plaintiff's claims it believes
to be untimely.

The NYS Banking Dep't appears to argue that even if
plaintiff's ADEA claim was properly exhausted, one of the factual
allegations in support of that claim was not properly exhausted:

> [Plaintiff] alleges in Section "E" of her amended
> complaint that "On August of 2004, Respondent hired An
> (sic) Accounting Clerk grade 14 to replace me, he began
> to learn my job duties by observing me then teaching,
> training and hiring younger workers to do my job,
> leaving me with nothing to do and forcing me out of my
> job." These allegations are contained in the EEOC
> Charge No. 520-2008-00173 and therefore leave to amend
> the complaint as to the portion of the allegations
> which had not been previously alleged should be denied.

(Def. Aff. ¶ 11). Contrary to NYS Banking Dep't's claim, these
allegations, however, were previously alleged and properly
exhausted. Plaintiff included a similar allegation in her
February 3, 2006 Charge with the EEOC (Feb. 2006 Charge ¶ 3) and
asserted her claim for age discrimination eighty-two days after
receiving a right-to-sue letter from the EEOC with regard to that
charge.[7] The NYS Banking Dep't has not, therefore, met its

---

[7]The EEOC right-to-sue letter indicates that it was mailed
on February 27, 2007 and, as discussed above in note 6, supra,
the presumption is that plaintiff received this letter on March
2, 2007 (see Feb. 2007 Charge). Accordingly, the 90-day period
began on March 3, 2007 and ended on June 1, 2007. Fed.R.Civ.P.
6(a). Plaintiff's July 22, 2007 Complaint was received by the
Pro Se Office on May 24, 2007 and is, therefore, timely. See
(continued...)

burden of demonstrating that plaintiff's amendment would be futile because it has not shown that the amendment seeks to add new claims which were not properly exhausted.

Accordingly, plaintiff's motion to amend is granted.

IV.  Conclusion

For the aforementioned reasons, plaintiff's motion to amend her complaint is granted.

Dated:  New York, New York
        March 6, 2009

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

---

[7](...continued)
Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988) (A pro se plaintiff's complaint is ordinarily considered filed as of the date it is received by the Pro Se Office); Bernstein v. City of New York, 06 Civ. 895 (RMB), 2007 WL 1573910 at *4 (S.D.N.Y. May 24, 2007), citing Gil v. Vogilano, 131 F. Supp.2d 486, 493 (S.D.N.Y. 2001); Griffin v. TNT Int'l. Express, 05 Civ. 10475 (PKC), 2006 WL 3755180 at *1 (S.D.N.Y. Dec. 20, 2006); Chira v. Columbia Univ. in New York City, 289 F. Supp.2d 477, 482 n. 10 (S.D.N.Y. 2003).

14

Copies mailed to:

Ms. Rachel Jenkins
Apt. 6-D
190 Wortman Avenue
Brooklyn, New York 11207

Ms. Roberta L. Martin, Esq.
Office of The Attorney General
120 Broadway
New York, New York 10271

15